UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-23138-CIV-MORENO

PAUL B. HARRISON,

    Plaintiff,

vs.

OCEAN BANK, a Florida banking corporation, and
FEDERAL DEPOSIT INSURANCE CORPORATION,

    Defendants.
_____/

## INFORMAL RESPONSE TO MANDAMUS PETITION (11th Cir. No. 13-14348) FINAL ORDER OF DISMISSAL AS TO DEFENDANT OCEAN BANK

THIS CAUSE came before the Court upon the Order of the Eleventh Circuit Court of Appeals directing the Clerk to request an informal response to the mandamus petition filed by plaintiff.

Plaintiff Paul Harrison filed a Petition for Writ of Mandamus for a final order because the Court of Appeals had dismissed his appeal for lack of jurisdiction due to this Court's final judgment having been entered against Plaintiff, but in favor of only one Defendant, the Federal Deposit Insurance Corporation (FDIC). The Court's June 30, 2011 Order granting the FDIC's Motion for Summary Judgment indicates that co-defendant Ocean Bank filed a response to the cross-motions for summary judgment filed by the Plaintiff and the FDIC, taking no position in this litigation. In that response, Ocean Bank also stated that if the FDIC did not approve Ocean Bank's Settlement Agreement with the Plaintiff Paul Harrison, the agreement would become, by its own terms, null and void.

This Court in granting the FDIC's motion for summary judgment upheld the FDIC's actions and found the FDIC adequately explained to Harrison the manner in which it applied 12 C.F.R. § 359.1(f) to determine the Settlement Agreement constituted an impermissible golden parachute payment. The Court also found no record evidence that the FDIC's determination was arbitrary or capricious in

violation of the Administrative Procedure Act. In the Court's view, this holding resolves the Plaintiff's two-count complaint for "Declaratory Judgment of Contract" and "Declaratory Relief under the APA". Count one requests the Court: (1) find the Settlement Agreement's proceeds are not a prohibited golden parachute payment, (2) direct the FDIC to approve the payment, and (3) direct Ocean Bank to make payment following the FDIC's approval. Alternatively, the second count seeks the Court declare the FDIC's decision that the settlement proceeds constituted an improper golden parachute be declared invalid under the Administrative Procedure Act. Because the Court upheld the FDIC's decision, the Settlement Agreement, by its own terms, is null and void and there are no other separate claims against Ocean Bank left for adjudication in this case.

THE COURT has considered the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that there being no other claims left for adjudication in this case, the Court DISMISSES the case as to Defendant Ocean Bank.

Therefore, any Petition for Mandamus is moot and an amended final judgment is entered in favor of both defendants giving the Court of Appeals jurisdiction to decide the merits of any appeal by Plaintiff Harrison.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of April, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record